**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 08-21050-CR-PAS**

UNITED STATES OF AMERICA,

v.

HENRY JACKSON,

    Movant/Defendant.
_____/

**ORDER DENYING DEFENDANT'S**
**MOTIONS SEEKING APPOINTMENT OF COUNSEL,**
**REDUCTION OF SENTENCE & COMPASSIONATE RELEASE**

THIS CAUSE is before the Court on seven Motions filed by Defendant Henry Jackson ("Jackson"). In those Motions, Jackson seeks to reduce his thirty-two-year sentence for a series of Hobbs Act robberies and/or compassionate release.[1] Alternatively, reading Jackson's Motions liberally because he is proceeding pro se, arguably, several of the motions only seek appointment of counsel to assist him in obtaining Eleventh Circuit authorization to file a successive § 2255 Motion. Under either reading, having considered the motions, the Government's responses, Defendant's replies, the applicable law and record, Defendant's Motions must be denied for the reasons below.

---

[1] Defendant's first motion was a letter Motion to Reduce Sentence [DE 146] and appoint counsel [DE 144]. The Court appointed the Federal Public Defender to advise whether the Defendant was eligible for First Step Act relief [DE 147]. After Defense counsel complied and the Government responded, Defendant filed five more motions: (1) a Motion for Appointment of Counsel [DE 153]; (2) a Motion for Clarification of Hobbs Act Robbery under Elements Clause 924(c)(3)(A) [DE 154]; (3) a Motion to Reduce Sentence pursuant to 18 U.S.C. 3582 [DE 157]; (4) a Motion to Modify Term of Imprisonment Pursuant to 18 USC 3582 [DE 158]; and (5) a Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582 [DE 159]. The Government filed a response to that Motion [DE 161] and Jackson filed a second Motion for Appointment of Counsel in relation to his Reduction of Sentence (Compassionate Release) Motion [DE 160]. Jackson then filed a counseled Reply and Notice of Supplemental Notice [DE 162, 163].

Assuming the Court would have jurisdiction, Jackson is not entitled to a reduction in sentence on any of the three grounds he asserts. The 2018 First Step Act ("FSA") does not provide relief because the FSA may not be applied retroactively to Jackson's 2009 sentence. Neither does *U.S. v. Davis*, --U.S.---, 139 S. Ct. 2319 (2019) nor *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020) entitle Jackson to relief and/or appointment of counsel because he pled guilty to and was sentenced for Hobbs Act Robbery pursuant to § 924(c)'s "crime of violence" clause, not under its residual clause or under § 4B1.2(a) of the United States Federal Sentencing Guidelines. Further, as to his compassionate release motion, Jackson does not meet the requirements of the applicable guideline, because the Director of the BOP has not found that extraordinary and compelling reasons for release are present in this case. Finally, even if extraordinary and compelling reasons existed, Jackson's misconduct while in prison after committing his series of violent crimes counsels against relief under the 18 U.S.C. § 3553(a) factors.

Finally, if Jackson is only requesting that he be appointed counsel to assist him in obtaining Eleventh Circuit authorization to file a successive § 2255, he has no right to appointed counsel at this stage of the proceedings. Additionally, because Jackson is not entitled to substantive relief on any of the grounds raised in his various motions, and otherwise fails to meet the requirements of filing a successive § 2255, the Court declines to appoint counsel to represent him.

I. BACKGROUND

In a thirty-count indictment, Defendant and two co-defendants were charged with ten convenience store robberies and related-crimes committed in March of 2008 [DE 1]. Jackson pleaded guilty to Count 4 of the Indictment—possession of a firearm in furtherance of a crime of violence, specifically the March 6, 2008 Hobbs Act robbery charged in Count 3; and, Count 29, possession of a firearm in furtherance of a crime of violence, specifically the

2

March 26, 2008 Hobbs Act robbery charged in Count 28. Defendant was sentenced to 384 months' (thirty-two years) imprisonment, to be followed by five years of supervised release [DE 115].

Because Jackson brandished a firearm during the March 6, 2008 robbery, he received a mandatory minimum sentence of 84 months (7 years) for Count 4. At that time, in cases of multiple § 924 (c) convictions, the Count 4 conviction served as a first § 924 (c) conviction, thereby requiring imposition of a consecutive mandatory minimum of 300 months' (25 years) in prison for his second § 924 (c) conviction under Count 29. [DE 115 1-2]. Defendant did not appeal his sentence. At the time of his sentence, Defendant Jackson was twenty years old and had a nine-month old daughter.

II. PARTIES' POSTIONS

Jackson's motions assail his sentence on three separate grounds. He first asserts that the 2018 FSA, retroactively applied, invalidates the twenty-five-year mandatory minimum portion of his sentence because it was stacked on top of a § 924(c) conviction contained in the same indictment as his first § 924(c) conviction [DE 146]. Jackson next requests appointed counsel to determine if he is eligible for relief pursuant to *U.S. v. Davis,* which invalidated the residual clause of § 924 (c) [DE 153]. Similarly, Jackson seeks appointed counsel to challenge his sentence based on *U.S. v. Eason,* which held that Hobbs Act Robbery does not qualify as a "crime of violence" under the applicable portion of the Federal Sentencing Guidelines [DE 154].

In his most recent Motions that seek compassionate release under 18 U.S.C. § 3582(c)(1)(A), Jackson requests the appointment of counsel to establish that extraordinary and compelling reasons exist warranting his release because he was sentenced under the "stacking" provisions of § 924(c) [DE 157, 159, 160]. The Government opposes these last Motions contending that the Defendant has not exhausted his remedies, that his release is

inconsistent with the applicable Sentencing Commission's policy statements, specifically U.S.S.G. § 1 B.1.13, and that the § 3553 factors weigh against his release [DE 161].

III. LEGAL ANALYSIS

    A. *Threshold Issues*

        1. Lack of Jurisdiction to Consider

To the extent that Jackson seeks relief pursuant to 28 U.S.C. § 2255, he must first obtain authorization from the Eleventh Circuit Court of Appeals because in 2011 he filed his first § 2255 in Case No. 11-24483-CIV-PAS. Since then, the Eleventh Circuit has denied Jackson's four applications for leave to file successive § 2255 petitions. *See In re: Henry Jackson*, Case No. 14-10345-A (11th Cir. Feb. 20, 2014); *In re: Henry Jackson*, Case No. 16-14342-J (11th Cir. July 27, 2016); *In re: Henry Jackson*, Case No. 18-10125-E (11th Cir. Feb. 6, 2018); *In re: Henry Jackson*, Case No. 18-12873 (11th Cir. Nov. 16, 2018).

Although Defendant does not cite § 2255, his goal is to vacate his sentence. Thus, it would appear some of his motions are successive petitions, and until he obtains authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider his requests. See generally, *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*) (observing that a 2255 motion to vacate typically is the exclusive mechanism for a federal prisoner to seek collateral relief of his sentence).

        2. No Entitlement to Court-Appointed Counsel

Because Jackson is proceeding *pro se*, his Motions are construed liberally. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). Thus, to the extent that Jackson's motions could alternatively be viewed as seeking appointed counsel to assist him in obtaining authorization from the Eleventh Circuit to file a successive § 2255, he is not entitled to that relief.

An indigent defendant's right to a court-appointed attorney emanates from three sources. First, pursuant to the Fifth Amendment's Due Process Clause, a defendant may have a right to counsel when "fundamental fairness" requires it. *United States v. Johnson*, No. 19-15046, 2021 WL 126734, *3 (11th Cir. Jan. 14, 2021) (per curiam) (citation omitted). Second, the Sixth Amendment provides the right to counsel at "critical stages of a criminal prosecution," including during a first appeal. *Id.* (quoting *Williams v. Turpin*, 87 F.3d 1204, 1209 (11th Cir.1996)). Third, a statutory right to counsel arises under 18 U.S.C. § 3006A when, among other things: (1) the defendant is entitled to appointment of counsel under the Sixth Amendment to the Constitution; (2) the defendant "is under arrest, [and] such representation is required by law"; and (3) the district court determines that "the interests of justice so require" when a defendant seeks relief under 28 U.S.C. § 2255. *Id.* citing 18 U.S.C. § 3006A. Further, the Rules Governing Section 2255 Proceedings require appointed counsel for indigent defendants if necessary, for effective discovery or if an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(c).

Jackson is not at a critical stage of a criminal prosecution and has not established that the interests of justice or fundamental fairness require that counsel be appointed on his current claims. Nor is there a need for him to conduct discovery or have an evidentiary hearing. As such, this case does not present a constitutional, statutory or rule-based right to counsel.

However, even when a defendant does not have a right to counsel, a district court may exercise its discretion and determine whether to appoint counsel. *United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009); see also 28 U.S.C. § 2255(g) (allowing courts to appoint counsel for proceedings brought pursuant to that section). Here, it is unlikely that the Eleventh Circuit would authorize Jackson to file a successive § 2255 because his claims do not meet the statutory criteria for filing successive § 2255 motions. They are not based

on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. See 28 U.S.C. § 2255(h). Nor, as discussed below, are they based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* Accordingly, counsel will not be appointed to assist Jackson to seek authorization to file a successive § 2255. See *Johnson*, 2021 WL 126734, at *3 (affirming district court's discretionary denial of motion to appoint counsel where it was unlikely that authorization to file successive § 2255 would be granted).

>    B. *Even if Defendant's Motions are not Successive §2255 Motions, neither Davis, Eason nor the First Step Act provide relief*

>    1. *Davis* Does Not Apply to Defendant's Case

In *U.S. v. Davis*, --U.S.---, 139 S. Ct. 2319 (2019), the Supreme Court determined that § 924(c)'s residual clause was unconstitutionally vague but left § 924(c)'s "use of force" clause intact. The Court applied the same analysis that it had in J*ohnson v. United States*, 135 S. Ct. 2551 (2015), wherein it similarly concluded that the Armed Career Criminal Act's (ACCA) residual clause was unconstitutionally vague.

Jackson now seeks relief pursuant to *Davis*. However, even before the Supreme Court issued *Davis*, in 2016, the Eleventh Circuit denied Jackson's request to file a successive § 2255 and rejected his contention that the holding in *Johnson* should be extended to overturn his § 924(c) convictions. The Eleventh Circuit stated that even if *Johnson* were extended to § 924(c)'s residual clause, Jackson would not be eligible for relief because his convictions related to Hobbs Act robbery which qualified as "crimes of violence" under § 924(c)'s "use of force" clause. *In re: Henry Jackson*, Case No. 16-14342-J (11th Cir.

July 27, 2016). The Eleventh Circuit thus concluded that the unconstitutionality of the residual clause had no impact on the validity of Jackson's § 924 (c) convictions.

Moreover, post-*Davis*, the Eleventh Circuit continues to hold that a conviction for Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A). *In re Cannon*, 931 F.3d 1236, 1242 (11th Cir. 2019). If current binding precedent clearly establishes a federal defendant's predicate offense qualifies as a crime of violence under the elements clause, then he cannot show that he was sentenced under § 924(c)'s residual clause and his *Davis* claim fails. *Levatte v. United States*, 805 F. App'x 658, 659 (11th Cir. 2020) (citing *In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019)). Thus, despite *Davis'* holding, Jackson's § 924(c) conviction for Hobbs Act robbery remains valid and the assistance of counsel would not make a difference. *United States v. Aviles*, 380 Fed. App'x 830, 831 (11th Cir. 2010).

## 2. *Eason* Does Not Apply to Defendant's Case

Defendant also requests appointed Counsel to pursue *Eason* claims. He contends his conviction was improperly deemed a crime of violence under the Federal Sentencing Guidelines. In *Eason*, the Eleventh Circuit held that Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 4B1.2(a) of the sentencing guidelines. *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020). However, *Eason* does not apply to Jackson's case because his sentence for Hobbs Act robbery was not due to a career offender status under U.S.S.G. § 4B1.2(a)(1), but was based on the § 924 (c) mandatory minimums in place at the time his sentence was imposed. Thus, he is not entitled to relief pursuant to *Eason*, either.

## 3. The 2018 FSA is not retroactive

Defendant also asserts that he is entitled to a reduction in sentence based on the FSA. The Public Defender's court-ordered response to the Defendant's initial letter motion noted

that Jackson's mandatory minimum sentence is not consistent with Congress' clarification of 924(c)'s stacking provision through the First Step Act. First Step Act of 2018, Pub. L. No. 115-391 (S. 756) § 403, 132 Stat. 5194 (enacted Dec. 21, 2018). However, the Public Defender stated that it did not intend to file anything further requesting relief under the First Step Act on behalf of Mr. Jackson [DE 149].

The FSA amended § 924(c) to make the 25-year mandatory minimum sentence applicable only to a violation of § 924(c) that occurs after a prior conviction under § 924(c) has become final. See First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5194, 5221–22. Defendants therefore are no longer subject to the "stacking" of the convictions and will not receive a 25-year minimum sentence for multiple violations if that defendant did not have a prior § 924(c) conviction, from another, separate, final proceeding. *Davis*, 139 S. Ct. at 2324 n.1. Unfortunately for Jackson, Congress expressly limited *Davis'* application to offenses committed before the date of enactment, only if the sentence for the offense had not yet been imposed. See First Step Act of 2018, Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5222 (2018). Jackson's sentence was imposed in 2008, well before FSA's enactment in 2018, thus he is not entitled to relief on this basis.

### IV. THERE ARE NO EXTRAORDINARY AND COMPELLING REASONS FOR COMPASSIONATE RELEASE UNDER GUIDELINE § 1B1.13

In his most recent motions, Jackson seeks compassionate release based on 18 U.S.C. § 3582(c)(1)(A). He argues that the FSA's clarifying amendment to 18 U.S.C. § 924(c)'s stacking provision and the "stacking" effect of his § 924(c) convictions at the time of sentencing, create a sufficient disparity in sentencing between those sentenced before and after that amendment that such constitutes extraordinary and compelling reasons for his compassionate release.

Generally, once a court imposes a sentence of imprisonment, it is considered a final judgment that may not be modified. *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003); 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B); See *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). However, a sentence may be modified pursuant to 18 U.S.C. § 3582(c)(1)(A). *See U.S. v. Maiello*, 805 F.3d 992, 999 (11th Cir. 2015). That section allows a court to reduce a term of imprisonment for extraordinary and compelling reasons. *United States v. Bryant*, No. 19-14267, 2021WL 1827158, *2 (11th Cir. 2021). That section does not define "extraordinary and compelling reasons," but states that any sentence reductions shall be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Application Notes for Federal Sentencing Guideline § 1B1.13, the relevant policy statement for § 3582(c)(1)(A), offer four circumstances (Subdivisions (A) through (D)) that demonstrate "extraordinary and compelling reasons." The Application Notes' first three subdivisions concern specific age, health, and family circumstances, which the Parties agree do not apply to this case. The fourth, Subdivision (D), provides, "Other reasons.--*As determined by the Director of the Bureau of Prisons*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. Application Notes (U.S. Sentencing Comm'n 2021) (emphasis added).

The 2018 FSA amended § 3582(c) to allow defendants, not only the BOP Director, to move for a sentence modification, once thirty (30) days passed since the Defendant requested compassionate release. However, the Sentencing Commission has not yet correspondingly modified § 1B1.13. Therefore, several courts have determined that the current version of § 1B1.13 is not binding on district courts when ruling on a motion filed

directly by a defendant, *See United States v. Booker*, 976 F.3d 228, 237 (2d Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Last month, however, in contrast to those courts, the Eleventh Circuit held that courts may not substitute their discretion for that of the Director of the Bureau of Prisons in determining whether extraordinary and compelling reasons are present, notwithstanding the FSA amendments. *Bryant*, 2021 WL 1827158, at *14. As such, although Jackson may seek compassionate release directly from the Court because more than thirty days have passed since he initially requested release from the BOP, the Director of the BOP has not indicated that extraordinary and compassionate reasons exist for Jackson's compassionate release.[2] He therefore is not entitled to relief.[3]

Even if the Eleventh Circuit permitted the Court to use its discretion to decide whether compassionate release was warranted, it would find him not entitled to relief because he fails to satisfy the other compassionate release requirements. Jackson must

---

[2] *See United States v. Harris*, No. 20-12023, at *6 (11th Cir. Mar. 2, 2021) (holding that the exhaustion requirement is not jurisdictional but a defense the government can forfeit).

[3] It is undisputed that if Jackson were sentenced today, he would be eligible for release in 2022, rather than 2037. Thus, denial of his request means he will serve approximately fifteen more years than a defendant sentenced for similar convictions today. At least one circuit court has concluded that such a disparity in sentencing due to § 924 (c) stacking presents an extraordinary and compelling reason sufficient to warrant compassionate release. See *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020). But see *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020) (affirming the district court's determination that, as a non-retroactive change in law, § 403 did not support a finding of extraordinary or compelling reasons for release). Although this Court finds the reasoning in *McCoy* persuasive, the Eleventh Circuit's recent ruling in *Bryant* forecloses finding extraordinary and compelling reasons under the facts of this case.

also show that release is appropriate considering the 18 U.S.C. §3553(a) factors; a showing that he fails to make in this case. 18 U.S.C. § 3582(c)(1)(A).

## 2. Discretionary Factors under 3553(a)

In analyzing the § 3553(a) factors, a court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) that the sentence imposed reflect the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense; (3) that the sentence imposed affords adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; and (7) the need to avoid unwanted sentencing disparities. 18 U.S.C. § 3553(a). Most of these factors counsel against granting compassionate release now.

Jackson admitted his guilt of firearm possession during two convenience store robberies. In the first robbery, Jackson ordered both employees to the ground at gunpoint and one of Jackson's codefendants struck an employee several times in the head with a revolver [DE 105]. During the second robbery, Jackson ordered an employee to open the register at gunpoint. Thus, while Jackson was only 19 years old when he and his co-defendants embarked upon their 10 robberies in one month, those crimes were serious and violent.

Moreover, Jackson's disciplinary record during his 12 years of incarceration is lengthy. Even after more than a decade in prison, Jackson received numerous infractions in just the two years and two months prior to filing his motion for compassionate release. Those incidents included: "Threatening Bodily Harm" after threatening to throw feces on an officer; interfering with security devices; being "Insolent to Staff Member" after he was verbally disrespectful to staff trying to remove his hand restraints; using a telephone that

11

was provided to a cellmate in the special housing unit; using either drugs or alcohol; cursing at a female staff member while interfering with taking prisoner count; mail abuse, and refusing a staff order to hand trays back [DE 161-1].

Going back further, in December of 2018, Jackson was cited for fighting with another person and was cited five other times earlier that year for various infractions. He was cited at least five times for infractions in 2017 and his earlier disciplinary record contains many other incidents. In short, Defendant's behavior while incarcerated continues to manifest a basic lack of respect for other human beings as well as for authority and an unwillingness to abide by the rules. These traits suggest that Jackson, if released, will not consistently comply with the law and that the public will not be adequately protected from his unlawful behavior.[4]

As to the characteristics of the defendant, Jackson is now thirty-one years old and has served approximately twelve years of his sentence. In support of his Motion for Compassionate release, Jackson submitted his prison education transcript which reflects that he has completed several life-skills oriented courses over the past few years [DE 159-2 at 2-4]. He states that he has taken over 1500 hours and 99 programs. He also is working towards his GED [DE 159-2 at 7].

His twelve-year old daughter submitted a letter asking for her father to be released and stating that her father always tells her to work hard and that trying to take the easy way out gets you nowhere [DE 159-2 at 5]. She states that everyone says that her father is a changed man.

---

[4] § 1B1.13 Guideline also requires a showing that a defendant no longer poses a danger to the community as contemplated by 18 U.S.C. § 3142(g), before a request for compassionate release may be granted. Defendant's prison disciplinary record also fails to demonstrate that he no longer poses a danger to the community.

Henry Jackson's father, Kelvin Jackson, also submitted a letter in support of Jackson's release stating that Jackson is a great father, and that Kelvin has seen a significant change in him [DE 159-2 at 6]. Kelvin attributes the change to the 2014 passing of Henry's mother and finding God as his savior. Kelvin, a retired veteran, who lives with his wife, who recently retired from Miami Dade Corrections, says that they will offer full support to Henry and will help him get established and working.

Mr. Jackson's commitment to bettering himself by taking advantage of the educational opportunities currently available to him and his family's pledged support are important and laudable. However, given the seriousness of Jackson's offenses, his continuing lack of respect for the law and authority, even after his mother's passing, and the present status of the law, requires the denial of Jackson's request for compassionate release at this time to afford adequate deterrence and protect the public.

Hopefully, Mr. Jackson will finish his GED, continue his educational and personal growth pursuits, develop an employment plan and the necessary skills for his productive return to the community, while he maintains his relationships with his father and daughter and builds a multiple year record of discipline-free conduct to evidence he has changed his past ways, and now consistently respects the law and other people. He will then have a better record to support compassionate release should the law change.

To that end, it is hoped he will enroll in a cognitive behavior program to develop thinking patterns and other tools to avoid negative interactions and further disciplinary incidents while in custody. He owes it to his daughter, his father and himself to use his talents to focus on establishing a consistent record of good conduct to persuade the community that it can have confidence he will be a positive, productive, law abiding member. Unless and until his conduct shows a track record of a truly a changed man, compassionate release is not appropriate.

V. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue in this case for two reasons. First, because the court lacks subject matter jurisdiction to consider his successive § 2255 motions, a certificate of appealability may not be issued. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

Second, a certificate of appealability should be issued only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, a Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, reasonable jurists would not find the treatment of any of Jackson's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. Therefore, it is

**ORDERED** that Henry Jackson's:

(1) Motion to Reduce Sentence [DE 146] is **DENIED**;

(2) Motion for Appointment of Counsel [DE 153] is **DENIED**;

(3) Motion for Clarification of Hobbs Act Robbery under Element Clause 924(c)(3)(A) [DE 154] is **DENIED**;

(4) Motion to file a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582 and Appoint Counsel [DE 157] is **DENIED as MOOT;**[5]

---

[5] Because the Court required the public defender to assist the Defendant by filing responses in support of his Motion for Reduction of Sentence pursuant to the FSA [147], and the Public Defender also filed a Reply in support of Defendant's Motion for Compassionate

(5) Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582 [DE 158] is **DENIED**;

(6) Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 [DE 159] is **DENIED**; and,

(7) Second Motion for Appointment of Counsel in relation to Reduction of Sentence Motion [DE 160] is **DENIED as MOOT**;

(8) No Certificate of Appealability will issue.

DONE and ORDERED in Miami, Florida, this <u>7th</u> day of June, 2021.

                *Patricia A. Seitz*
                PATRICIA A. SEITZ
                UNITED STATES SENIOR DISTRICT JUDGE

All Counsel of Record/Pro se parties

---

Release [DE 162], Defendant's Requests for Appointment of Counsel [DE 157, 160] relevant to those claims are denied as moot.