UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21050-CR-PAS

UNITED STATES OF AMERICA,

v.

HENRY JACKSON,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR SENTENCE REDUCTION

THIS MATTER is before the Court on Defendant Henry Jackson's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [DE 166]. Defendant seeks to reduce his thirty-two-year sentence for a series of Hobbs Act robberies following sentencing guideline amendments.[1] The Government filed a response [DE 169], Defendant replied [DE 173] and filed supplemental documentation [DE 175]. Having considered the Motion, Defendant's replies, the applicable law and the record, his Motion must be denied for the reasons below.

**I.   BACKGROUND**

In a thirty-count indictment, Defendant and two co-defendants were charged with ten convenience store robberies and related crimes committed in March of 2008. [DE 1]. Jackson pleaded guilty to Count 4 of the Indictment—possession of a firearm in furtherance of a crime of violence, the March 6, 2008 Hobbs Act robbery charged in Count 3; and, Count 29, possession of a firearm in furtherance of a crime of violence, the March 26, 2008 Hobbs

---

[1] In 2020, Defendant filed three successive motions for a sentence reduction [DE 146; DE 158; DE 159] which were denied [DE 165]. In those motions, Defendant argued that the 2018 First Step Act should be applied retroactively to invalidate his twenty-five year mandatory minimum.

1

Act robbery charged in Count 28. Because Jackson brandished a firearm during the March 6, 2008 robbery, he received a mandatory minimum sentence of 84 months (7 years) for Count 4. At that time, in cases of multiple U.S.C. § 924(c) convictions, the Count 4 conviction served as a first § 924(c) conviction, thereby requiring imposition of a consecutive mandatory minimum of 300 months (25 years) in prison for his second § 924(c) conviction under Count 29. [DE 115 at 1–2]. Thus, Defendant was sentenced to 384 months (thirty-two years) of imprisonment, to be followed by five years of supervised release. *Id*. Defendant did not appeal his sentence. At the time of his sentence, Defendant Jackson was twenty years old and had a nine-month-old daughter.

## II.   LEGAL STANDARD

Once a court imposes a sentence of imprisonment, it is considered a final judgment that generally may not be modified. *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003); 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). After a defendant exhausts administrative remedies, he may move for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[2] A court may reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) if three conditions are met: (1) extraordinary and compelling reasons justify the reduction; (2) the § 3553(a) factors favor doing so; and (3) doing so would not endanger the community within the meaning of U.S.S.G. § 1B1.13's policy statement. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). These findings need not be made in any particular order, instead, if one condition is not met, compassionate release must be denied. *United States v. Giron*, 15 F.4th 1343, 1348–49 (11th Cir. 2021).

---

[2] Here, it is undisputed that Defendant exhausted his administrative remedies. [DE 166].

### III. PARTIES' POSITIONS

Defendant argues that he meets all three conditions justifying compassionate release. First, Defendant argues that he has presented an "extraordinary and compelling reason" under the new subsection in U.S.S.G. § 1B1.13's policy statement, which states:

> (b)(6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a *change in the law* (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added).

Specifically, Defendant argues the 2018 First Step Act's ("FSA") elimination of "stacked sentences" under § 924(c) is a change in the law which would result in a "gross disparity" between the "unusually long" sentence he is serving now and the sentence he would serve if imposed today.

Second, he argues that the § 3553(a) factors favor sentence reduction, given his rehabilitation, his strong family support, and the fact that he has obtained post-release employment. [DE 173 at 24]. Lastly, Defendant argues he is no longer a danger to the community due to his growth and maturity while in prison.

The Government argues that Defendant does not meet any of the three conditions. The Government asserts that the Sentencing Commission overstepped its delegated authority by adding § 1B1.13(b)(6), and that including nonretroactive changes in the law as "extraordinary and compelling reasons" justifying sentence reduction contradicts precedent and the plain language of § 3582(c). Further, the Government argues the § 3553(a) factors do not favor compassionate release due to the violent nature of Defendant's offenses, and that Defendant still poses a danger to the community.

## IV. DISCUSSION

Regardless of whether Defendant presented extraordinary and compelling reasons, compassionate release is not appropriate in light of the § 3553(a) factors.[3] In analyzing the § 3553(a) factors, a court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) that the sentence imposed reflect the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense; (3) that the sentence imposed affords adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; and (7) the need to avoid unwanted sentencing disparities. 18 U.S.C. § 3553(a).

Defendant pleaded guilty to ten robberies in one month— two of which were at gunpoint. These crimes were serious and violent. Moreover, Defendant has an extensive disciplinary record spanning his 16 years of incarceration. Those infractions include: six instances of being insolent to a staff member, seven instances of assaulting a staff member, three instances of fighting with an inmate, five instances of threatening bodily harm, three instances of self-mutilation, one instance of possession of marijuana, two instances of possession of unauthorized items, and four instances of destroying property over $100, amongst others. In the year 2023, Defendant was disciplined twice, once in June 2023 for destroying property, and a second time in October 2023 for phone abuse.

Defendant's behavior while incarcerated shows a lack of respect for others and authority as recently as the month prior to his filing of this Motion. This suggests that if

---

[3] The Court need not decide whether Defendant presented "extraordinary and compelling reasons" justifying compassionate release in light of § 1B1.13(b)(6). *Giron*, 15 F.4th at 1349. That being said, the new subsection § 1B1.13(b)(6) appears to provide relief to individuals just like Defendant, who would have been released in 2022 instead of 2037 if not for his stacked sentence.

4

released, Defendant will not comply with the law and that the public will not be adequately protected. The Court commends Defendant on obtaining his GED, his extensive participation in life-skills courses while incarcerated, and securing post-release employment. [DE 173 at 24; DE 175 at 1–2]. However, as already noted in the Court's 2021 Order denying compassionate release, Defendant needs to build a multiple-year record of discipline-free conduct to evince he has changed his past ways. He will then have a better record to support compassionate release given the recent changes in sentencing guidelines.

Again, Defendant is urged to enroll in a cognitive behavior program to develop thinking patterns and other tools to avoid negative interactions and further disciplinary incidents while in custody. For the sake of his daughter, his faither, and himself, Defendant should focus on establishing a consistent record of good conduct to show he will be a positive, productive, law-abiding citizen. Until his conduct shows a track record of a truly changed man, compassionate release is not appropriate. Therefore, it is

**ORDERED** that Defendant Henry Jackson's Motion to Reduce Sentence [DE 166] is **DENIED**.

DONE and ORDERED in Miami, Florida, this ___ day of January, 2024.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
U.S. Probation Office

5